**Harold G. SODERLING and Eric F. Wilkinson, Appellants,**

v.

**Kal W. LINES, Trustee in Bankruptcy for Harris Airmotive, Inc., a corporation, Bankrupt, Appellee.**

No. 22959.

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1970.

William H. Brunner (argued), of Spurr, Brunner & Nelson, Ukiah, Cal., for appellants.

Lawrence Goldberg (argued), of Glicksberg, Kushner & Goldberg, San Francisco, Cal., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and THOMPSON, District Judge.*

PER CURIAM:

The district court's order upholding the order of the federal bankruptcy referee is affirmed. A California state court determined that the bankrupt was indebted to the appellants Soderling, et al., to the extent of about $36,000.00. The state court went on to adjudicate that the sum should be impressed as a lien on the assets of the bankrupt in the hands of the trustee.

We need not decide what the situation would be if the state court had exclusive custody of some assets of the bankrupt. Here it had none. In our situation, the state court had jurisdiction to determine a rescission of certain contracts and to adjudge an amount due. But it had no jurisdiction over the assets. Guiding principles can be found in U. S. F. & G. Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055.

Rescission was necessary to create a lien on the assets. By the time judgment for rescission was entered, the assets were in the hands of the federal court, leaving the federal court the only one with jurisdiction to adjudge priorities and liens against assets. If the purported lien had been established before the bankruptcy, we would have a different case.

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.